UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DOMINIC D. ARCHULETA,

    Plaintiff,

    v.                           Case No. 3:25-CV-627-CCB-SJF

GAF, et al.,

    Defendants.

## OPINION AND ORDER

Before the Court are Plaintiff Dominic D. Archuleta's Objections to the

Magistrate Judge's January 23, 2026, Report and Recommendation. (ECF 34; ECF 35). In

this filing, Mr. Archuleta has also sought review of the Magistrate Judge's denial of his

Motion for Leave to File Second Amended Complaint and has sought relief by way of

three motions buried in his objection briefing. Defendant GAF has responded in

opposition to Mr. Archuleta's objections and other requests, (ECF 36), to which Mr.

Archuleta seeks leave to file a reply, (ECF 37). The Court permits Mr. Archuleta to file a

reply, adopts the Magistrate Judge's Report and Recommendation over Mr. Archuleta's

objections, affirms the Magistrate Judge's denial of leave to amend, and denies Mr.

Archuleta's additional motions for the following reasons.

### I.      RELEVANT BACKGROUND

This case was removed to this Court on July 18, 2025. (ECF 1). On December 10,

2025, the Court referred Mr. Archuleta's Motion to Remand (ECF 10) and GAF's Motion

to Dismiss (ECF 17) to the Magistrate Judge for a Report and Recommendation

pursuant to Federal Rule of Civil Procedure 72(b)(1) and 28 U.S.C. § 636. The Magistrate Judge issued his Report and Recommendation on January 1, 2026. (ECF 34). In the Report and Recommendation, the Magistrate Judge recommended that the District Court deny Mr. Archuleta's motion to remand and grant GAF's motion to dismiss. He also denied Mr. Archuleta's Motion for Leave to File Second Amended Complaint, (ECF 31), and denied as moot Mr. Archuleta's Motion for Status on Ruling Regarding Motion to Remand, (ECF 29). Mr. Archuleta filed objections to the Report and Recommendation on January 28, 2026, (ECF 35), and GAF responded to those objections on February 11, 2026, (ECF 36). On February 13, 2026, Mr. Archuleta filed a motion for leave to file a reply to GAF's response. (ECF 37).

## II.    ANALYSIS

To begin, the Court will address Mr. Archuleta's motion for leave to file a reply to GAF's response. (ECF 37). Federal Rule of Civil Procedure 72 does not provide for a reply in the context of objections to a Report and Recommendation. Fed. R. Civ. P. 72. Still, given the dispositive nature of this dispute and Mr. Archuleta's pro se status, the Court finds that good cause exists to permit a reply and grants Mr. Archuleta's motion. The Court addresses the arguments in Mr. Archuleta's proposed reply in its decisions below.

This Court must address de novo any parts of the Magistrate Judge's report and recommendation that have been properly objected to. Fed. R. Civ. P. 72(b)(3). Mr. Archuleta has raised five distinct objections to the Report and Recommendation. Two objections relate to the recommended denial of his motion to remand, two relate to the

recommended grant of GAF's motion to dismiss, and one relates to the denial of his motion for leave to file an amended complaint.

### a. Objections to Recommendation to Deny Motion to Remand

First, Mr. Archuleta objects to the Magistrate Judge's recommendation that this Court deny Mr. Archuleta's motion to remand on the grounds that the Magistrate Judge decided the question of Defendant Linda Martinez's proper service on a "paper record" without permitting narrowly tailored fact discovery. (ECF 35 at 2). He seeks limited discovery into this issue or, in the alternative, remand based on procedural defect.

Mr. Archuleta bases his motion to remand in part on the theory that Ms. Martinez neither joined nor consented to removal despite being properly joined and served. In his Report and Recommendation, the Magistrate Judge determines that Ms. Martinez's consent was not required because she was not properly served. (ECF 34 at 6). Mr. Archuleta attempted to serve his complaint on Ms. Martinez by sending it by certified mail to GAF's corporate headquarters in New Jersey and to GAF's registered agent in Indianapolis. (*Id.* at 7). The Magistrate Judge reasons that as Indiana law governs service in this case, and Indiana Trial Rule 4.1 provides that service may be made by "sending a copy of the summons and complaint by registered or certified mail" to a person's "place of business or employment," to be properly served Ms. Martinez would need to regularly report for work at GAF's headquarters in New Jersey. *See Claus v. Mize, 317 F.3d 725, 727 (7th Cir. 2003).* Because Ms. Martinez is a citizen of Illinois, and GAF provided an affidavit stating that Ms. Martinez did not work at GAF's New Jersey office, the Magistrate Judge concludes that service was improper.

3

Mr. Archuleta objects that whether Ms. Martinez was properly served is a disputed fact, that the Magistrate Judge's conclusion depended on taking GAF's affidavit at face value, and that Mr. Archuleta should be permitted limited discovery into Mr. Martinez's place of business or employment before GAF's removal of the case. In support, he attaches a declaration with exhibits that show he tried to serve Ms. Martinez at GAF's corporate headquarters and that he informed GAF that he tried to serve Ms. Martinez. (ECF 35-1).

Proper service is generally a question of law. *See Montgomery, Zukerman, Davis, Inc. v. Diepenbrock*, 698 F. Supp. 1453, 1459 (S.D. Ind. 1988) (citing 4A *Wright & Miller, Fed. Prac. & Proc.* § 1083, at 12). And the facts here are largely uncontested. Ms. Martinez is a citizen of Illinois, and the attempted service was made at GAF's corporate headquarters in New Jersey. The Court does not need GAF's affidavit to find it very unlikely a citizen of Illinois regularly reports to work in New Jersey. GAF's affidavit, which Mr. Archuleta perfunctorily attacks without evidence or argument, merely confirms what already seemed highly probable: Ms. Martinez does not work in New Jersey. Mr. Archuleta's declaration and exhibits do not show otherwise. This means that service was improper, which in turn means that Ms. Martinez's consent was not required for removal. Even if limited discovery were proper this far beyond the briefing deadlines for this motion, which it is not, there is no good cause to think that it would produce a different result. In his reply, Mr. Archuleta makes the argument that the Magistrate Judge's statement that he "cannot find" proper service suggests an evidentiary gap that could be cured by discovery. But the Court cannot find proper

4

service not because essential facts are missing but because the facts compel the conclusion that there was no proper service as a matter of law. This objection fails.

Second, Mr. Archuleta objects that the Magistrate Judge's analysis of the "prompt notice" requirement of 28 U.S.C. § 1446(d) is incomplete because it treats the lack of prejudice to Mr. Archuleta as dispositive, giving insufficient weight to the statutory command that the removing party "shall" provide prompt notice of removal and file a copy of that notice with the state court clerk to effect removal. (ECF 35 at 3). He seeks record clarification of the time and nature of any notice provided to him regarding removal.

Mr. Archuleta's motion to remand briefing makes the argument that GAF failed to comply with the statutory requirements of § 1446(d). The statute, he points out, requires that "[p]romptly after the filing" of a notice of removal, the removing party must "file a copy of the notice with the clerk of such State court which shall effect the removal . . . ." 28 U.S.C. § 1446(d). GAF filed a notice of removal in state court on the same day that it removed this case to federal court, but it failed to file a copy of the notice of removal filed in this Court with the state court until 19 days after removal. This delay, Mr. Archuleta contends, is sufficient to merit remand.

In his Report and Recommendation, the Magistrate Judge disagrees. He notes that § 1446(d) does not provide a statutory definition for "promptly," but that other courts have found delays of significant length insufficient to warrant remand. Quoting *Neurology & Pain Management Associates, P.C. v. Bunin*, he writes that where "a defendant has made a good faith effort to provide notice and the plaintiff has not been

prejudiced by a delay in providing notice to a state court, the requirements of section 1446(d) are sufficiently fulfilled to effect removal." No. 16 C 2856, 2017 WL 82512, at *4 (S.D. Ind. Jan. 10, 2017) (internal citations omitted). Though Mr. Archuleta alleges prejudice because the delay impaired his ability to timely respond or object to removal, the Magistrate Judge notes that Mr. Archuleta still moved to remand within four days of removal. And while Mr. Archuleta also contended that he was prejudiced by having to continue monitoring state and federal dockets until formally proper notice of removal was filed with the state court, the Magistrate Judge concludes that this, too, was not prejudicial because the state court took no action during that time. Mr. Archuleta objects that the Magistrate Judge's treatment of the question of prejudice as dispositive was improper.

Mr. Archuleta does not contend that he was in fact prejudiced. Instead, he protests that "the statutory procedure exists to prevent confusion and competing jurisdiction," not prejudice. (ECF 35 at 3). He repeats this argument in his reply, emphasizing the phrasing of the statute without addressing the case law interpreting it. He seeks "record clarification as to what notice was provided to plaintiff and when." (*Id.* at 4). But as the Magistrate Judge correctly notes, a good-faith attempt to provide notice that does not prejudice the plaintiff is sufficient for removal. *See Bunin*, 2017 WL 82512, at *4. GAF made a good-faith effort to provide notice by filing notice of removal with the state court, even if their notice was lacking a file-stamped copy of the notice filed in federal court. This Court will not order relief to clarify an issue that would not affect this litigation. This objection fails.

### b. Objections to Recommendation to Grant Motion to Dismiss

First, Mr. Archuleta objects that the Magistrate Judge's recommendation to grant GAF's motion to dismiss improperly penalized Mr. Archuleta for pleading alternative theories of liability. He asks this Court to reject dismissal, or permit him to amend his claims.

It seems that Mr. Archuleta's objection is focused on a portion of the Magistrate Judge's Report and Recommendation that notes, "Mr. Archuleta does not address how he can 'recover on alternative causes of action requiring contradictory conclusions.'" (ECF 34 at 19 (quoting *D5 Iron Works, Inc. v. Loc 395 Ironworkers, AFL-CIO*, No. 16 C 200, 2022 WL 59539, at *14 (N.D. Ind. Jan. 5, 2022))). Mr. Archuleta objects that at the pleading stage, alternative pleading based on contradictory theories is permissible, and therefore this Court should "reject dismissal premised on a purported bar to alternative pleading." (ECF 35 at 5).

But the Magistrate Judge's recommendation for dismissal is not premised on a purported bar to alternative pleading. Mr. Archuleta has cherry-picked a single line from the Report and Recommendation noting that he has not addressed the contradictory conclusions produced by his alternative theories. *D5 Iron Works*, the case cited by the Magistrate Judge, was at summary judgment, a point in litigation where "alternative causes of action requiring contradictory conclusions" become much more difficult to maintain due to the fact-intensive nature of the inquiry. *See* 2022 WL 59539, at *14. Here, at the pleadings stage, the Magistrate Judge noted the contradictory conclusions produced by Mr. Archuleta's alternative theories but did not penalize Mr.

7

Archuleta for that inconsistency. The Report and Recommendation considered each of Mr. Archuleta's claims and recommended dismissal of each on their merits with no reliance on any "purported bar to alternative pleadings." (ECF 35 at 5). Thus, the Court will not reject dismissal on this basis. This objection fails. Mr. Archuleta's request in the alternative to amend his claims will be addressed below.

Second, Mr. Archuleta objects that the Recommendation and Report improperly draws inferences against him on the issues of scope, agency, and ratification. He seeks denial of dismissal or, in the alternative, targeted discovery or amendment of his complaint.

As Mr. Archuleta asserts, courts deciding a motion to dismiss for failure to state a claim must draw all reasonable inferences in favor of the plaintiff. *See Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2016). But "unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim." *Ledford v. Williams*, No. 18 C 337, 2019 WL 5727909, at *6 (N.D. Ind. Nov. 5, 2019). Mr. Archuleta objects that when the Magistrate Judge "repeatedly" characterized his claims as "not plausible," he failed to draw all reasonable inferences in favor of Mr. Archuleta.

It seems that Mr. Archuleta does not object to any particular plausibility determination but rather the fact that the Magistrate Judge was making plausibility determinations at all.[1] But making plausibility determinations does not conflict with the

---

[1] Though Mr. Archuleta draws nearer to identifying and objecting to specific plausibility determinations in his reply, (ECF 37 at 8), new arguments may not be raised in a reply brief. *Perry v. Coles Cnty., Ill.*, 906

Magistrate Judge's duty to draw all reasonable inferences in favor of Mr. Archuleta. In fact, plausibility analysis is precisely what a court does when it determines whether an inference is reasonable or not. By repeatedly concluding that Mr. Archuleta's claims were not plausible, the Magistrate Judge did not fail to draw reasonable inferences in Mr. Archuleta's favor. He merely refused to draw unreasonable inferences in Mr. Archuleta's favor. This Court will not deny dismissal or allow targeted discovery on this basis. This objection fails. Mr. Archuleta's request to amend his complaint will be addressed below.

    c.  **Objections to Denial of Motion for Leave to File Second Amended Complaint**

Lastly, Mr. Archuleta objects to the denial of his motion for leave to file a second amended complaint. (ECF at 4). He seeks vacatur of the denial of leave to amend and grant of his motion to amend, or, in the alternative, leave to amend his complaint as to his direct negligence theories against GAF.

Mr. Archuleta moved to file a second amended complaint on December 12, 2025. (ECF 31). Pursuant to his statutory authority under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) to decide non-dispositive motions, the Magistrate Judge denied leave to amend. (ECF 34 at 26). Mr. Archuleta objects, seemingly on the basis that as denial of leave to amend would effectively dispose of his case against GAF, he is entitled to review by this Court.

---

F.3d 583, 590 n.6 (7th Cir. 2018). Mr. Archuleta has made no arguments in reply that he could not have raised in his opening brief, and "reply briefs are for replying," not advancing new arguments. *GEFT Outdoor, LLC v. City of Westfield*, 491 F. Supp. 3d 387, 396 (S.D. Ind. 2020).

While a court should freely grant leave to amend, that "do[es] not mandate that leave be granted in every case." *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). When amendment would be futile, a court may deny the plaintiff leave. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). If the claim as amended would not survive a motion to dismiss, amendment is futile. *Westbrook v. Archey*, No. 05 C 57, 2006 WL 44207, at *1 (N.D. Ind. Jan. 9, 2006). Mr. Archuleta objects that futility must be clear to warrant denial of leave to amend, and doubts should be resolved in favor of allowing amendment. But he does not identify any part of the Magistrate Judge's ruling that fails to resolve doubts in his favor. Instead, he perfunctorily alleges that the Magistrate Judge "repeats the same 'scope/ratification/apparent authority' conclusions used to recommend dismissal, and again treats alternative pleading as improper." (ECF 35 at 6). On this basis, he argues that denial of leave to amend would "effectively decide[] merits issues without allowing plaintiff to cure perceived pleading deficiencies." (*Id.*)

While true that denial of leave to amend after a complaint has been dismissed effectively decides merits issues, futility is a well-established ground for denial of leave to amend. And Mr. Archuleta does not identify any errors in the Magistrate Judge's reasoning, instead referring vaguely to "doubts" that he argues should have been resolved in his favor. (ECF 35). His repeated reference to penalization for alternative pleading does not avail because there is no reason to believe he was penalized for alternative pleading. This is not enough to show that amendment would not be futile, and Mr. Archuleta's reply fails to clarify his argument. This objection fails.

10

### d. Mr. Archuleta's Additional Motions

Mr. Archuleta also raised three motions in the body of his objections brief: (1) a motion for limited discovery, (2) an alternative motion for an extension of time, and (3) a request for a written-only ADA accommodation. Local Rule 7-1 of this District requires that motions be filed separately, not buried within briefing of other matters. N.D. Ind. L.R. 7-1. And Mr. Archuleta's motions are mostly duplicative of the relief he sought in response to his objections. Still, the Court addresses Mr. Archuleta's requests below.

### i. Motion for Limited Discovery

First, Mr. Archuleta moves for limited discovery into Ms. Martinez's address and work location. (ECF 35 at 6). In support, he argues first that the Report and Recommendation improperly relies on GAF's affidavit and second that he has made good faith efforts to serve Ms. Martinez. His first argument is duplicative of the argument raised in his objection. His second argument merely consists of a perfunctory allegation that he attempted good faith service without detail or further argument. Neither argument avails. This motion is denied.

### ii. Alternative Motion for Extension of Time

Mr. Archuleta also moves instanter for an extension of time in the event that any portion of his briefing is untimely. Mr. Archuleta's objections are not untimely. His motion for limited discovery, though improperly filed within his objections brief, has also been addressed by the Court. Accordingly, this motion is denied as moot.

11

### iii. Request for Written-Only ADA Accommodation

Lastly, Mr. Archuleta moves for an accommodation permitting him to avoid any oral argument, live testimony, or telephonic procedures due to his inability to speak. There are no such proceedings scheduled. Accordingly, this request is not ripe and is therefore denied. Should such a proceeding arise, Mr. Archuleta is free to raise this request again.

### III. CONCLUSION

For these reasons, Mr. Archuleta's Motion for Leave to File Reply, (ECF 37), is **GRANTED.** The Magistrate Judge's Report and Recommendation, (ECF 34), is **ADOPTED** by the Court. Mr. Archuleta's Motion to Remand, (ECF 10), is **DENIED.** GAF's Motion to Dismiss for Failure to State a Claim, (ECF 17), is **GRANTED.** The Magistrate Judge's denial of Mr. Archuleta's Motion for Leave to File Second Amended Complaint, (ECF 31), is **AFFIRMED.** And the motions raised in Mr. Archuleta's objection brief, (ECF 35), are **DENIED.**

SO ORDERED on March 9, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

12