**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| DOMINIC D. ARCHULETA,<br><br>Plaintiff,<br><br>v.<br><br>GAF MATERIALS LLC, et al.,<br><br>Defendants. | CASE NO. 3:25-CV-627-CCB-SJF |

**OPINION and ORDER**

Before the Court are two motions filed by *pro se* Plaintiff Dominic D. Archuleta. First, on March 13, 2026, Mr. Archuleta filed his "Separate Motion to Extend Time to Serve Defendant Linda Martinez; Motion for Leave to Conduct Limited Discovery; Alternative Motion for Leave to Serve a Limited Rule 45 Subpoena on GAF for Service-Address Information; and Request for Written-Only ADA Accommodation" (hereinafter, the "Separate Motion"). [DE 41]. Then, on May 14, 2026, Mr. Archuleta filed his "Motion for Extension of Time to Perfect Service on Defendant Linda Martinez Request for Limited Service-Related Discovery from GAF Materials LLC, Request to Preserve Rule 54(b) Rights Regarding GAF, and Request for Written-Only ADA Accommodation." [DE 44]. This later filed motion renews every request made in the Separate Motion and adds one more. Mr. Archuleta's Separate Motion [DE 41] will therefore be denied as moot. The Court now considers the later-filed motion [DE 44] below.

**I. Background**

Mr. Archuleta filed this action in St. Joseph Circuit Court on June 19, 2025, against GAF Materials LLC and Linda Martinez. His claims arise from a dispute over a purebred Akita puppy he sold to Ms. Martinez. Mr. Archuleta alleges that, at some point after he sold the puppy to Ms. Martinez, she defamed him on LinkedIn and elsewhere while identifying herself by her GAF title. [DE 34 at 2–3]. GAF removed the case to this Court on July 18, 2025, and moved to dismiss Mr. Archuleta's claims against GAF. [DE 1]. Mr. Archuleta moved to remand this case to state court, contending that GAF's removal was procedurally defective.

On December 10, 2025, the District Court referred Mr. Archuleta's Motion to Remand [DE 10] and GAF's Motion to Dismiss [DE 17] to the undersigned for a report and recommendation. [DE 30]. On January 23, 2026, the undersigned recommended that the District Court deny Mr. Archuleta's Motion to Remand and grant GAF's Motion to Dismiss, to which Mr. Archuleta objected. On March 10, 2026, the District Court adopted that Report and Recommendation, denied remand, and dismissed GAF. [DE 38]. The District Court thus held Mr. Archuleta's certified-mail attempts at GAF's New Jersey headquarters and Indiana registered agent did not constitute proper service to Ms. Martinez, and it denied Mr. Archuleta's request for discovery aimed at establishing those attempts as valid. [DE 38 at 3–5, 11]. The Clerk entered judgment that same day. The District Court vacated the judgment and reopened the case the next day because Ms. Martinez remains a Defendant. [DE 39; DE 40].

Now, Mr. Archuleta seeks more time to serve Ms. Martinez and requests information sufficient to attempt service at a proper address. [DE 44 at 8]. The main issues before the Court are whether to extend the time to serve Ms. Martinez and whether to authorize discovery before the Rule 26(f) conference to locate her.

**II. Discussion**

When a case is removed before service has been perfected, 28 U.S.C. § 1448 permits service to be completed, or new process to issue, just as in a case originally filed in federal court. Read together, § 1448 and Federal Rule of Civil Procedure 4(m) start the 90-day federal service period on the date of removal. *UWM v. Student Ass'n v. Lovell*, 888 F.3d 854, 858–59 (7th Cir. 2018) (citing *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011)).

Rule 4(m) permits the Court to "extend the time for service for an appropriate period" when the plaintiff shows good cause. Fed. R. Civ. P. 4(m). Good cause demands a valid reason for the delay, such as a defendant's evasion of service. *Coleman v. Milwaukee Bd. Of Sch. Dirst.*, 290 F.3d 932, 934 (7th Cir. 2002). At minimum, a plaintiff must make "some showing of reasonable diligence." *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993). Inadvertence and half-hearted efforts are not enough. *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). Neither does sending process to one incorrect address and later learning that service was defective. *See Bachenski*, 11 F.3d at 1377 (affirming dismissal where repeated unsuccessful attempts did not show reasonable diligence); *Geiger*, 850 F.2d at 333 (affirming refusal to extend where the plaintiff made no reasonable effort to locate the defendant).

The service period expired on October 16, 2025. By July 8, 2025, Mr. Archuleta knew GAF's counsel did not represent Ms. Martinez. [DE 44 at 5]. Mr. Archuleta identifies nothing he did over the remaining three months to locate or serve her. He does not say he attempted service at another address, retained a process server, searched public records, sought forwarding information, or otherwise investigated where Ms. Martinez could be found. Nor does Mr. Archuleta contend Ms. Martinez concealed her whereabouts, evaded service, or supplied a false address. His own filings supply a lead he never followed: Ms. Martinez's GAF email signature listed an office at 2600 Warrenville Road, Suite 207, Downers Grove, Illinois. As Mr. Archuleta himself alleges, Ms. Martinez is an Illinois citizen. [DE 44 at 3–4; DE 38 at 4]. Based on this, the Court cannot find that Mr. Archuleta has established good cause for an extension.

Yet even without good cause, the Court retains discretion to permit late service rather than dismiss an action. *Cardenas*, 646 F.3d at 1005–05; *Coleman*, 290 F.3d at 934; *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340–41 (7th Cir. 1996). In exercising that discretion, the Court weights the relative hardships and may consider whether the defendant received actual notice, whether she evaded service, whether an extension would prejudice her, whether the statute of limitations would bar refiling, whether service was eventually accomplished, whether the plaintiff sought more time after encountering difficulty, and whether the plaintiff pursued service diligently during the allotted time period. *Jones v. Ramos*, 12 F.4th 747, 749 (7th Cir. 2021); *Cardenas*, 646 F.3d at 1006–07.

Those considerations favor a short extension. Ms. Martinez is the sole remaining Defendant, and dismissal would end this case. Mr. Archuleta made a documented, though legally ineffective, effort to reach her through the channels he had. Moreover, the record before the Court shows that Ms. Martinez has actual notice of this suit: she replied by email on June 26, 2025, after Mr. Archuleta sent litigation notices to both her GAF email address and her personal email address. [DE 41 at 4; DE 44 at 4–5]. She has not appeared, and nothing before the Court suggests a brief extension will impair her ability to defend. The Court therefore exercises its discretion under Rule 4(m) and grants Mr. Archuleta one final extension of 60 days from the date of this Order to serve Ms. Martinez.

Next, Mr. Archuleta separately seeks discovery from GAF, now a nonparty, before the parties have conferred under Rule 26(f). Rule 26(d) prohibits a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The Court may authorize discovery before that conference, but "[a] party seeking expedited discovery prior to a Rule 26(f) planning conference must establish good cause for its request." *Zimmer, Inc. v. Stryker Corp.*, No. 3:14-CV-152-JD, 2014 WL 12805045, at *1 (N.D. Ind. Feb. 11, 2014) (*Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, No. 1:10-cv-1718-SEB-DML, 2011 WL 130098, at *3 (S.D. Jan. 14, 2011)). Whether good cause exists depends on the particular facts and requires a showing that expedited discovery is appropriate for the fair adjudication of the issues before the Court. *Roche*, 2011 WL 130098, at *3; *Harrison v. Ultimate Med. Acad.*, No. 3:25-CV-654-DRL-SJF, 2026 WL 1560566, at *2–3 (N.D. Ind. May 22, 2026). Relevant

considerations include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2021).

Discovery directed at a nonparty remains subject to Rule 26's limitations. *Noble Roman's Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 307 (S.D. Ind. 2016); *Donald v. Outlaw*, No. 2:17-CV-32-TLS-JPK, 2022 WL 740764, at *5 (N.D. Ind. Mar. 11, 2022). Rule 45 also requires a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense" on the nonparty. Fed. R. Civ. P. 45(d)(1). Nonparty status, the requesting party's need for the information, and the availability of that information from other sources all bear on whether such discovery should issue. *See DirectBuy, Inc. v. Buy Direct, LLC,* No. 2:15-CV-344-JPK, 2019 WL 3996695, at *1 (N.D. Ind. Aug. 22, 2019).

Here, Mr. Archuleta primarily seeks Ms. Martinez's residential address from GAF so that he may serve her. The request is narrow, but narrowness alone does not establish good cause. No preliminary injunction or other time-sensitive request for substantive relief is pending. Mr. Archuleta has not shown that GAF is the only reasonably available source of Ms. Martinez's address, much less that ordinary means of locating her have been attempted and failed. Mr. Archuleta has Ms. Martinez's personal email address, and he has written to that email address about this very dispute. The Court is not persuaded on this record that a transaction of such a kind left

him without any ordinary means of learning where she lives. The information Mr. Archuleta seeks therefore appears obtainable "from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Compelling a dismissed employer to disclose an employee's home address on this record would relieve Ms. Archuleta of the routine work of locating a defendant simply because an attempt at service proved defective. And, as stated, Mr. Archuleta's filings show that Ms. Martinez's GAF email signature listed an office location at 2600 Warrenville Road, Suite 207, Downers Grove, Illinois.

Other portions of Mr. Archuleta's proposed discovery request confirm that conclusion. Mr. Archuleta would also require GAF to produce its policies for forwarding legal mail, and to state whether his June 2025 notices were received, forwarded, reviewed, preserved, or acted on. [DE 44 at 9–10]. Those categories are not necessary to locate Ms. Martinez. They go to GAF's notice, control, and asserted responsibility, which are the subjects of claims the District Court has dismissed. The Court will not convert service-related requests into merits discovery against a dismissed Defendant. Thus, his request for early discovery, and the alternative request for leave to serve a Rule 45 subpoena on GAF, will be denied.

In addition to these two primary service-related requests, Mr. Archuleta makes several miscellaneous requests, which the Court addresses now. First, Mr. Archuleta asks the Court to "preserve" his ability to seek revision of the non-final dismissal of GAF under Rule 54(b). [DE 44 at 10–12]. Rule 54(b) already provides that an order adjudicating fewer than all claims or all parties' rights and liabilities may be revised at

any time before entry of final judgment. Fed. R. Civ. P. 54(b); *see Galvan v. Norberg*, 678 F.3d 581, 586–87 (7th Cir. 2012). No motion to revise the dismissal is before the Court. Nothing in this Order disturbs the District Court's order on the undersigned's Report and Recommendation, authorizes merits discovery against GAF, or prejudges any properly supported Rule 54(b) motion Mr. Archuleta may present to the Court.

Mr. Archuleta again asks that his participation be limited to writing and that these motions be decided on the papers. [DE 44 at 13]. The Court has decided these motions on the papers, so no order is required. To the extent Mr. Archuleta seeks a standing accommodation governing future proceedings, the request remains premature for the reason the District Court gave on March 10, 2026: no oral proceeding is scheduled. [DE 38 at 12]. Mr. Archuleta may renew his request if a hearing, conference, or other oral proceeding is set.

Mr. Archuleta also reports that certified court mail was returned unclaimed even though his address of record is correct, and he asks that future notices be sent by ordinary first-class mail or email in addition to certified mail. The Clerk will continue to serve Mr. Archuleta at his address of record under the Court's ordinary procedures, and Mr. Archuleta remains responsible for keeping that address current.

Finally, Mr. Archuleta asks for leave to serve Ms. Martinez by certified mail, a process server, or any authorized method once he obtains an address. [DE 44 at 14]. Federal Rule of Civil Procedure 4(e) and Indiana law already permit those methods, so no order is required. If Mr. Archuleta later seeks appointment of a person to serve

process under Rule 4(c)(3), he may file a separate motion explaining why appointment is warranted.

## III. Conclusion

For these reasons, the Court now **DENIES AS MOOT** Mr. Archuleta's earlier filed Separate Motion [DE 41] and **GRANTS IN PART and DENIES IN PART** Mr. Archuleta's later-filed Motion. [DE 44]. The later-filed Motion is granted as to Mr. Archuleta's request for an extension of time to serve Defendant Linda Martinez, and Mr. Archuleta must serve Ms. Martinez and file proof service under Rule 4(m) within **60 days** of this Order. Absent good cause resting on circumstances not now before the Court, Mr. Archuleta should not expect more time, and failure to serve Ms. Martinez within the extended period may result in dismissal of action under Rule 4(m). All other requests made in the later-filed motion are denied, or are unnecessary to address via court order, as outlined.

**SO ORDERED** this 10th day of September 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge